IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **DORIS BETTY ADDISON, ETC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00065 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CNX GAS COMPANY, LLC, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Don Barrett, Brian K. Harrington, David M. McMullan, Jr., and Katherine B. Riley, Don Barrett, P.A., Lexington, Mississippi, for Plaintiff; Jonathan T. Blank and Lisa M. Lorish, McGuireWoods LLP, Charlottesville, Virginia, and James R. Creekmore and Blair N.C. Wood, The Creekmore Law Firm PC, Blacksburg, Virginia, for CNX Gas Company LLC; Blair M. Gardner, Jackson Kelly PLLC, Charleston, West Virginia, and Eric D. Whitesell, Gillespie, Hart, Altizer & Whitesell, P.C., Tazewell, Virginia, for Buckhorn Coal Company, Commonwealth Coal Corporation, and Harrison-Wyatt, LLC.*

The plaintiff, Doris Betty Addison, filed this action on behalf of herself and others similarly situated, alleging that she is an owner of coalbed methane gas ("CBM") interests located in this judicial district and a lessor of those interests. The principal defendant is CNX Gas Company ("CNX"), the lessee and producer of the CBM alleged to be owned by Addison. Addison asserts that defendant Commonwealth Coal Company and certain unidentified parties sued as "John Does A-Z" are "the owners of purported CBM claims that arise from coal ownership in

tracts that are included in CBM drilling units operated by CNX." (Compl. ¶ 2.) Among other things, Addison contends that the owners of the coal estate of the tracts in question ("Coal Owner Defendants") do not have any property interests in the CBM that conflict with her ownership under Virginia law and thus it is improper for CNX to deposit royalties attributable to the CBM in an escrow account or otherwise withhold payment of those royalties to her and other lessors.[1]

Motions to dismiss the Complaint were thereafter made and resolved by the court. *Addison v. CNX Gas Co., LLC*, No. 1:10cv00065, 2011 WL 1791655 (W.D. Va. May 10, 2011), *amended by* 2011 WL 4553090 (W.D. Va. May 13, 2011), *report and recommendations accepted*, 2011 WL 4527812 (W.D. Va. Sept. 28, 2011). As the request of the parties, the court then stayed further proceedings to allow the plaintiff and CNX to confer over a possible resolution of the case. (Order, Oct. 12, 2011.) After lengthy negotiations between the parties, no agreement was reached, and the stay was lifted. (Order, June 5, 2012.)

Following the lifting of the stay, the various motions were filed that are the subject of this Opinion. Buckhorn Coal Company and Harrison-Wyatt LLC (collectively, "Intervenors") have filed a joint motion under Federal Rule of Civil Procedure 24(a)(2) to intervene as Coal Owner Defendants. Defendant

---

[1] Other claims are made in the Complaint, but it is this specific claim that is at the heart of the motions being presently considered.

Commonwrealth Coal Company ("Commonwealth"), the only existing and identified Coal Owner Defendant, has filed a motion pursuant to Federal Rule of Civil Procedure 15(a)(2) seeking leave to assert a counterclaim and file an amended answer.  Finally, the plaintiff moves under Rule 15(a)(2) to file an amended complaint in which CNX would be the sole defendant, without naming any Coal Owner Defendants.  The plaintiff opposes the motions by Commonwealth and the Invervenors and the plaintiff's motion to file an amended complaint is opposed by CNX, Commonwealth, and the Intervenors.

All of the motions have been fully briefed and are ripe for decision.

While the present motions are procedural in nature, the parties attribute considerable substantive effects to their determination, I believe mistakenly.  Perhaps they are merely taking this opportunity to further argue their preferred ultimate outcome of the litigation.  In any event, while I find that all of the present motions should be granted, I do not consider my decision to be necessarily determinative of the deeper issues in the case.

Earlier in this case, the court discussed the nature and production of CBM, the statutory framework provided by the Virginia Gas and Oil Act ("Gas Act"), and the working of the Virginia Gas and Oil Board ("Board").  *Addison*, 2011 WL 4553090, at *1.  In summary, as presently relevant, the statute provides that when there are "conflicting claims to the ownership of [CBM], the Board, upon

application from any claimant, shall enter an order pooling all interests or estates in the [CBM] drilling unit for the development and operation thereof [and] shall cause to be established an escrow account into which the payment for costs or proceeds attributable to the conflicting interests shall be deposited and held for the interest of the claimants." Va. Code Ann. § 45.1-361.22 (2012 Supp.). The regulations adopted by the state require that the application seeking to establish a drilling unit for CBM "shall contain a description of the conflicting ownership claims." 4 Va. Admin. Code § 25-160-80 (2012).

Addison alleges that when submitting such applications,

> CNX consistently advised and represented to the Board that conflicting claims to the ownership of CBM existed for each of those tracts in which one person or entity owned the gas estate/gas interests ("gas owner") and a different person or entity owned the coal estate/coal interests ("coal owner"). The conflicting claim allegedly arose from the question of whether the CBM allocable to that tract was owned by the gas owner(s) or by the coal owner(s).

(Compl. ¶ 28.) Addison further alleges that the Board has consistently adopted CNX's position in this regard, resulting in royalty funds belonging to her and others similarly situated being improperly escrowed or retained by CNX, contrary to Virginia law, as determined by the Supreme Court of Virginia in *Harrison-Wyatt, LLC v. Ratliff*, 593 S.E.2d 234 (Va. 2004), and the 2010 adoption by the

General Assembly of Virginia of a new provision of the Gas Act, 2010 Va. Acts chs. 730, 732 (effective Apr. 13, 2010).

In *Ratliff,* the Virginia court held, in the course of construing certain 19th century severance deeds, that CBM was a mineral estate distinct from coal and that the grant of coal in those deeds did not thereby convey CBM.  593 S.E. 2d at 238.  The new section of the Gas Act provides that "[a] conveyance, reservation, or exception of coal shall not be deemed to include [CBM]."  Va. Code Ann. § 45.1-361.21:1 (2012 Supp.).

In support of her motion to file an amended complaint, the plaintiff argues that CNX will not be prejudiced by the proposed amendment in that she does not intend to assert any new causes of action; that any delay in the case as a result of the amendment will be minimal; and that the purpose of the amendment — to remove all of the Coal Owner Defendants — is appropriate because CNX is the only necessary party.

CNX opposes the amendment, arguing that to exclude coal owners as parties to this action would be improper, since such owners are necessary and indispensible to any determination of the ownership of the CBM.  According to CNX, the plaintiff's formulation of the ownership issue is "dangerously oversimplified," because of the "complexity of deed language" and the fact that there are "too many variables, open questions, and gaps in the record."  (CNX's

Mem. in Opp'n 2, 3, 9.)  It argues that to remove the coal owners would make any amendment futile since ultimate ownership of the CBM could not be determined in the absence of the coal owners and any decision by the court in that regard would only be as between the plaintiff and CNX.

Commonwealth and the Intevenors agree with CNX.  In addition, they assert that the unpaid royalties that Addison complains of are the result of the production of CBM using the "frac" method, by which the coal seams are fractured or stimulated though the injection of water and other substances in order to liberate the gas.[2]  They believe that this invasion of their coal estate entitles them to a portion of the royalty funds.  They seek to defend their ownership interests and assert their claims against the plaintiff.

Upon consideration of all of these arguments, I find that it is appropriate in the interests of justice to grant all of the motions.[3]  It is important to note that we

---

[2]  In *Ratliff*, the Virginia court noted that there are several methods of obtaining CBM from a coal seam, including (1) "drilling wells from the surface into the coal seam"; (2) "horizontal degasification wells from inside the coal mine"; and (3) "employing what are called 'gob' wells relating to long-wall mining."  593 S.E.2d at 235.  The court held that it was expressing no opinion as to the question of whether the CBM owner had "the right to frac[ture] the coal in order to retrieve the CBM."  *Id.* at 238 n.3 (internal quotation marks omitted).  In other words, the question remains as to whether the ownership of CBM allows its production where the coal is fractured in the course of its production rather than by the mining of the coal by a different owner.

[3]  In her proposed amended complaint, the plaintiff asserts claims that were previously dismissed.  The court will not reconsider its earlier dismissal of those claims.  Accordingly, the parties are to consider that those claims remain dismissed without

are still at the pleading stage, without proof of facts and how those facts might implicate the law governing the rights and obligations of CBM ownership and its relationship to the ownership of coal.  The claim made by the plaintiff that she is entitled to relief based on existing Virginia law is at least plausible, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), although at this point the exact nature of any relief available is not determinable.  Such relief may require the presence in the action of coal ownership interests, although I leave for another day what procedures — such as the establishment of a defendant class of coal owners with appropriate notice, as the plaintiff suggests — would be sufficient protection for those interests.[4]

Moreover, I find that the claims of Commonwealth and the Intevenors are also plausible, and entitle them to be parties to this action and assert such claims.  While the proposed amended complaint removes Commonwealth as a defendant, I will construe its motion as one to intervene and allow it to remain a party and assert its counterclaim and amended affirmative defenses.

---

further motion or order and no response or motion is required in relation to them by the defendants.

[4]   *See* Fed. R. Civ. P. 23; 7A Wright, Miller & Kane, *Federal Practice and Procedure* § 1770 (3d ed. 2005).  The plaintiff alleges in her proposed amended complaint that there are more than 1,500 forced-pooled or voluntary CBM units operated by CNX in Virginia, of which CNX has reported "hundreds" of conflicting coal estate owners. (Proposed Am. Compl. ¶ 50.)

There are state trial court decisions that indicate difficulties with the claim sought to be made by Commonwealth and the Intervenors, and as the plaintiff contends, it may be impossible to accept the argument that solely because of the stimulation of their coal seams in the production of CBM, the coal owners are entitled to a portion of the royalties due the CBM owners.  Nevertheless, I cannot at this point in the case determine that such claims are without merit.

For these reasons, it is **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 96) is GRANTED and the clerk shall file the First Amended Complaint and its exhibits that were attached to said motion;

2. The Motion for Leave to Amend Commonwealth Coal Corporation's Answer and File a Counterclaim (ECF No. 91) is GRANTED. Commonwealth Coal Corporation is permitted to intervene in the action as a defendant.  Commonwealth Coal Corporation must file its Amended Answer and Counterclaim as proposed within 5 days of this date; and

3. Buckhorn Coal Company and Harrison-Wyatt LLC's Motion to Intervene (ECF No. 90) is GRANTED and the clerk shall file the Answer and Counterclaim on Behalf of Buckhorn Coal Company and Harrison-Wyatt, LLC that were attached to said motion.

ENTER: August 1, 2012

/s/ James P. Jones
United States District Judge