# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DORIS BETTY ADDISON, ETC.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10CV00065 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CNX GAS COMPANY, LLC, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*David S. Stellings, Steven E. Fineman, and Daniel E. Seltz, Lieff, Cabraser, Heiman & Bernstein, LLP, New York, New York, for Plaintiff; Jonathan T. Blank and Lisa M. Lorish, McGuireWoods LLP, Charlottesville, Virginia, and James R. Creekmore and Blair N.C. Wood, The Creekmore Law Firm PC, Blacksburg, Virginia, for CNX Gas Company LLC.*

The defendant CNX Gas Company LLC ("CNX") has filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). The motion has been fully briefed by the parties.[1] For the reasons set forth, the motion will be denied.

The court granted leave to file the Amended Complaint over the objections of CNX. *Addison v. CNX Gas Co.*, No. 1:10CV00065, 2012 WL 4127614 (W.D.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Va. Aug. 1, 2012). CNX now moves to dismiss the Amended Complaint on the grounds that (1) it fails to join indispensable parties; (2) its claims are barred by the applicable statute of limitations; (3) the plaintiff's request for a court-appointed expert is premature; (4) the injunctive relief sought is contrary to the Virginia Gas and Oil Act; (5) the breach of contract claim is barred because of a failure to adequately allege a notice of breach as required under the applicable coal bed methane lease; and (6) the claim that royalties due under the lease were improperly calculated fails to state a cognizable basis for relief.

Upon careful consideration of the parties' arguments, I find that the motion should be denied.

The court has previously considered and rejected CNX's arguments concerning the failure to add as parties the applicable coal owners. *Id.* at *3. The statute of limitations defense has similarly been considered and overruled in the court's ruling on a prior motion to dismiss. *Addison v. CNX Gas Co.*, No. 1:10cv00065, 2011 WL 4553090, at *12-13 (W.D. Va. May 13, 2011), *report and recommendations accepted*, 2011 WL 4527812 (W.D. Va. Sept. 28, 2011).

I also find that at this pleading stage of the case, the requests for a court-appointed expert and for injunctive relief are at least plausible. In addition, I find

adequate at this point the notice of breach allegations.[2]  I reserve decision on whether notice by the plaintiff Addison is sufficient for the entire putative class.

One of the plaintiff's claims is that the royalties paid were improperly calculated in that they did not reflect the actual price for which the gas was sold. She alleges that CNX "used gas prices that were less than the actual proceeds received by CNX, including prices and proceeds CNX realized/received through swap contracts and other hedging and marketing activities."  (Am. Compl. ¶ 59.)

The Oil, Gas and Coalseam Gas Lease, an exhibit to the Amended Complaint, provides for the following royalties to be paid to the plaintiff:

> On gas, 12.5% of the value of gas produced from the leased premises and sold on or off the leased premises, or used off the leased premises, less a proportionate part of the costs incurred by Lessee in heating, sweetening, gathering, transporting, dehydrating, compressing, extracting, processing, manufacturing or any other post-production costs incurred by Lessee in making such gas or other substance merchantable . . . .

(Am. Compl., Ex. A ¶ 3(a).  CNX argues that this provision ties the royalty to the production and sale of specific gas, less certain post-productions deductions, and not to any "market speculation" or "financial hedging activity" which may be engaged in by CNX.  (Mem. in Supp. of Mot. to Dismiss 14.)  The plaintiff responds that because CNX was obligated under the law to obtain the highest price

---

[2] On the earlier motion to dismiss, the court agreed that there was a failure to allege the required notice, but that defect could be cured by repleading once notice had been given.  2011 WL 4553090, at *12.

for the gas, to the extent it was rewarded by related derivative arrangements, those arrangements may be considered in determining whether CNX has met its obligation.

While CNX may be ultimately correct on the merits, I find that as a pleading matter, the claim cannot be dismissed at this stage of the case.[3]

For these reasons, it is **ORDERED** that the defendant's motion (ECF No. 128) is DENIED.

    ENTER: October 15, 2012

    /s/  James P. Jones
    United States District Judge

---

[3] To the extent that the Amended Complaint asserts other claims that were earlier dismissed, those claims remain dismissed without the necessity of response by CNX. *See* 2012 WL 4427614, at *3 n.3.